IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL JAMES WOODS,<br>    Plaintiff, | : |
| v. | :    CIVIL ACTION NO. 23-CV-2703 |
| SEPTA, *et al.*,<br>    Defendants. | : |

**MEMORANDUM**

SCOTT, J.                                                                             AUGUST 7th, 2023

Plaintiff Earl James Woods initiated this *pro se* civil action by filing a submission that was docketed as a Complaint. Woods seeks to proceed *in forma pauperis* in this case. For the following reasons, the Court will grant Woods leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. Woods will be granted leave to file an amended complaint.

**I.    FACTUAL ALLEGATIONS**

On July 10, 2023, Woods initiated this civil action by filing a sixteen-page submission, along with a Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) Woods also filed a motion for appointment of counsel. (ECF No. 3.) The Clerk's Office, consistent with its obligation under Federal Rule of Civil Procedure 5, treated Woods's initial filing as a Complaint raising employment discrimination claims and opened a civil action. Named as Defendants are the Southeastern Pennsylvania Transportation Authority ("SEPTA"), SEPTA Midvale District, and Local 234 Transit Workers Union. (*See* Compl. at 3, 6.) It appears from Woods's Complaint that he was previously employed by SEPTA, but that his employment was terminated. (*Id.* at 3.) Woods's Complaint consists of various documents, including, *inter alia*, a portion of the court's

standard form complaint for use in employment discrimination cases, although several pages are missing; the court's instructions for requesting the appointment of counsel; the court's form concerning consent to receive notice of electronic filing for self-represented litigants; a June 16, 2023 right to sue letter prepared by the U.S. Equal Employment Opportunity Commission, as well as instructions on how to file a lawsuit; and two copies of a May 10, 2022 report concerning a formal hearing held on a complaint filed against Woods. (*See id.* at 1-16.) It is unclear from Woods's Complaint what relief he seeks from the Court.

## II. STANDARD OF REVIEW

Because Woods appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

As Woods is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts

in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "'cannot flout procedural rules -they must abide by the same rules that apply to all other litigants.'" *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (internal quotations and citations omitted).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Garrett*, 938 F.3d at 93-94. The important consideration for the Court is whether "a pro se complaint's

language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

Because Woods did not file a proper complaint in this case, the Court cannot conduct a screening at this time. Woods's Complaint fails to comply with Rule 8 and to state a claim. Although Woods used a portion of the court's standard form complaint, it is unclear what claims he presents against each defendant. It appears that Woods worked for SEPTA at one time and that his employment was terminated. However, the circumstances surrounding the cessation of his employment with SEPTA remain entirely unclear.

The Court will not speculate as to Woods's claims based on the attachments to his Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint. Judges are not like pigs, hunting for truffles buried in the record.") (citations and quotations omitted); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

Having reviewed Woods's submission in its entirety, the Court cannot discern what the factual or legal bases for his claims are, or what relief he seeks from the Court. The Complaint

fails to provide fair notice of the grounds upon which the claims against each Defendant rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). In other words, Woods's Complaint lacks sufficient factual allegations to state a plausible claim against any Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Woods leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. Woods will be permitted the opportunity to file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Woods's request for appointment of counsel will be denied without prejudice as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

_Kai N. Scott_
KAI N. SCOTT, J.