IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EARL JAMES WOODS,**<br>    **Plaintiff,** | :<br>:<br>: |
| v. | :    **CIVIL ACTION NO. 23-CV-2703** |
| **SEPTA,** *et al.*,<br>    **Defendants.** | :<br>:<br>: |

### MEMORANDUM

**SCOTT, J.**                                                                             **NOVEMBER 21, 2023**

Currently before the Court is the Amended Complaint of *pro se* Plaintiff Earl James Woods. For the following reasons, the Court will dismiss the Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Woods will be granted leave to file a second amended complaint.

### I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On July 10, 2023, Woods initiated this civil action by filing a sixteen-page submission, along with a Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) Woods also filed a motion for appointment of counsel. (ECF No. 3.) The Clerk's Office, consistent with its obligation under Federal Rule of Civil Procedure 5, treated Woods's initial filing as a Complaint raising employment discrimination claims and opened a civil action. Named as Defendants were the Southeastern Pennsylvania Transportation Authority ("SEPTA"), SEPTA Midvale District, and Local 234 Transit Workers Union. (*See* Compl. at 3, 6.) Woods's Complaint suggested that he was previously employed by SEPTA, but that his employment was terminated. (*Id.* at 3.) The initial Complaint consisted of various documents, including, *inter alia*, a portion of the court's standard form complaint for use in employment discrimination cases, although several pages

were missing; the court's instructions for requesting the appointment of counsel; the court's form concerning consent to receive notice of electronic filing for self-represented litigants; a June 16, 2023 right to sue letter prepared by the U.S. Equal Employment Opportunity Commission, as well as instructions on how to file a lawsuit; and two copies of a May 10, 2022 report concerning a formal hearing held on a complaint filed against Woods. (*See id.* at 1-16.)

By Memorandum and Order dated August 7, 2023, the Court granted Woods leave to proceed *in forma pauperis*, denied the motion for appointment of counsel as premature, and dismissed the Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. (ECF Nos. 8, 9.) Specifically, the Court found that Woods's Complaint failed to conform to the pleading requirements of Rule 8 because it was unclear what claims he sought to present against each Defendant. Woods was given thirty-days leave to file an amended complaint. He did so on August 24, 2023. (ECF No. 10.) Accordingly, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915.

Woods again utilized the Court's standard form complaint for use in employment discrimination cases. (*See* Am. Compl. at 1-6.) Woods checked the box to indicate that he seeks to bring his claims pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e17. (*Id.* at 1.) The sole named Defendant is SEPTA. (*Id.* at 3.) Woods also indicated that the discriminatory conduct of which he complains is the termination of his employment and the unequal terms of his employment. (*Id.* at 3-4.) Woods represented on the form complaint that the discriminatory acts began on or about May 17, 2022, that SEPTA continued to commit the acts against him, and that SEPTA discriminated against him on the basis of his race (Black) and his gender/sex (Male). (*Id.* at 4.) Woods did not check the box to indicate that he seeks to bring an age discrimination claim, however, he provided his age, which

indicates that he was fifty-nine years old at the time he filed the Amended Complaint. (*See id.*) Woods provides no other factual allegations to support his claims of discrimination, stating, "I attach proof already when I first file." (*Id.*) Woods also checked the boxes to indicate that he seeks re-employment by SEPTA, as well as monetary relief. (*Id.* at 6.)

## II. STANDARD OF REVIEW

Since Woods is proceeding *in forma pauperis*, his Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

As Woods is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "'cannot flout procedural rules -they must abide by the same rules that apply to all other litigants.'" *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Additionally, although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Id.* at 82. "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). This means that the submission of an amended complaint "effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). Consistent with these principles, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-CV-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented

supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)).

## III.   DISCUSSION

Federal law "proscribe[s] discrimination in employment based on several personal characteristics" specifically, race, color, religion, sex, national origin, and age. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623); *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (claims under the Age Discrimination in Employment Act align with claims under Title VII). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

As noted, Woods again utilized the Court's standard form for employment discrimination matters when he submitted the Amended Complaint. However, the Amended Complaint once again falls short of providing sufficient factual allegations to state a plausible claim. It simply does not provide any specific facts to support his assertion that SEPTA terminated his employment for a discriminatory reason based on his membership in a protected class. Instead,

Woods indicates that he "attach[ed] proof already when I first file[d]." (Am. Compl. at 4.) Woods may not have appreciated that, by filing the Amended Complaint, he was effectively abandoning the factual allegations and claims raised in his initial Complaint. In any event, the Court found Woods's initial Complaint to be insufficient to state a claim, so even if he could rely on it, it does not help him.

The Amended Complaint again fails to provide fair notice of the grounds upon which the claims against SEPTA rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). Absent any factual allegations explaining why the termination was motivated by Wood's race, color, religion, sex, or age, the Amended Complaint cannot support a plausible claim. *See, e.g., Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Woods will be given an opportunity to file a second amended complaint. The second amended complaint must

be complete in all respects. It must present all of Woods's allegations, state the basis for his claims, and the relief he seeks from the court. The second amended complaint must be a new pleading that stands by itself as an adequate complaint without reference to the initial Complaint or the Amended Complaint. To the extent Woods again requests appointment of counsel, such request will be denied without prejudice as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

_____
KAI N. SCOTT, J.