IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EARL JAMES WOODS,
    Plaintiff,
 

v.                 :         **CIVIL ACTION NO. 23-CV-2703**

SEPTA, *et al.*,
    Defendants.

## MEMORANDUM

**SCOTT, J.**                                   **DECEMBER** *14*, **2023**

Currently before the Court is the Second Amended Complaint ("SAC") of *pro se* Plaintiff Earl James Woods.  For the following reasons, the Court will dismiss the SAC with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with the Federal Rules of Civil Procedure.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On July 10, 2023, Woods initiated this civil action by filing a sixteen-page submission, along with a Motion to Proceed *In Forma Pauperis* and a motion for appointment of counsel. (ECF Nos. 1-3.)  Named as Defendants were the Southeastern Pennsylvania Transportation Authority ("SEPTA"), SEPTA Midvale District, and Local 234 Transit Workers Union.  (*See* ECF No. 2 at 3, 6.)  Woods's Complaint suggested that he was previously employed by SEPTA, but that his employment was terminated.  (*Id.* at 3.)  The initial Complaint consisted of various documents, including, *inter alia*, a portion of the court's standard form complaint for use in employment discrimination cases, although several pages were missing; the court's instructions for requesting the appointment of counsel; the court's form concerning consent to receive notice of electronic filing for self-represented litigants; a June 16, 2023 right to sue letter prepared by

the U.S. Equal Employment Opportunity Commission ("EEOC"), as well as instructions on how to file a lawsuit; and two copies of a May 10, 2022 report concerning a formal hearing held on a complaint filed against Woods. (*See id.* at 1-16.)

By Memorandum and Order dated August 7, 2023, the Court granted Woods leave to proceed *in forma pauperis*, denied the motion for appointment of counsel as premature, and dismissed the Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure. (ECF Nos. 8, 9.) Specifically, the Court found that Woods's Complaint failed to conform to the pleading requirements of Rule 8 because it was unclear what claims he sought to present against each Defendant. Woods was given thirty-days leave to file an amended complaint. He did so on August 24, 2023. (ECF No. 10.)

Woods again submitted the Court's standard form complaint for use in employment discrimination cases. (*See id.* at 1-6.) Woods checked the box to indicate that he sought to bring claims pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e17. (*Id.* at 1.) The sole named Defendant was SEPTA. (*Id.* at 3.) Woods also indicated that the discriminatory conduct of which he complained was the termination of his employment and the unequal terms of his employment. (*Id.* at 3-4.) Woods represented on the form complaint that the discriminatory acts began on or about May 17, 2022, that SEPTA continued to commit the acts against him, and that SEPTA discriminated against him on the basis of his race (Black) and his gender/sex (Male). (*Id.* at 4.) Woods did not check the box to indicate that he sought to bring an age discrimination claim, however, he provided his age, which indicated that he was fifty-nine years old at the time he filed the Amended Complaint. (*See id.*) Woods provided no other factual allegations to support his claims of discrimination, stating, "I attach

proof already when I first file." (*Id.*)  Woods also checked the boxes to indicate that he sought

re-employment by SEPTA, as well as monetary relief.  (*Id.* at 6.)

The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915.  By

Memorandum and Order dated November 21, 2023, the Court dismissed the Amended

Complaint without prejudice pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim,

and for Woods's failure to comply with the Federal Rules of Civil Procedure.  (ECF Nos. 12,

13.)  Specifically, the Court noted that the Amended Complaint did not provide any specific facts

to support Woods's assertion that SEPTA terminated his employment for a discriminatory reason

based on his membership in a protected class.  (*See* ECF No. 12 at 5-6.)  Woods was given

thirty-days leave to file a second amended complaint and was advised that any second amended

complaint must be a new pleading that stands by itself as an adequate complaint, without

reference to the initial Complaint or the Amended Complaint.[1]  (*Id.* at 4-6.)  On December 6,

2023, Woods filed the SAC that is presently before the Court for review.  (ECF No. 14.)

Woods once again submitted the Court's standard form complaint for use in employment

discrimination cases.  (*See id.* at 1-5.)  Woods checked boxes to indicate that he now seeks to

bring his claims pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§

2000e-2000e17, and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C.

§§ 621-34.  (*Id.* at 1.)[2]  The sole named Defendant is SEPTA.  (*Id.* at 2.)  Woods asserts that

---

[1] The Court noted that Woods may not have appreciated that, by filing the Amended Complaint, he was effectively abandoning the factual allegations and claims in the initial Complaint.  The Court explained that while Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019); *see also* ECF No. 12 at 4-6.

[2] Elsewhere in the SAC, Woods checked a box to indicate that he was discriminated against on the basis of his age and indicated that he was sixty years old on the date he filed the SAC.  (*See* SAC at 3.)  Woods also indicated on the form complaint that he filed a charge with the EEOC on

3

SEPTA discriminated against him and retaliated against him beginning on May 17, 2022, and

that SEPTA continues its acts against him. (*Id.* at 3.) In support of his claim, Woods alleges

merely that he "was wrongfully terminated." (*Id.*)

Woods attached several documents to his SAC, including a document titled "Order" that

indicates that "[t]he Disqualifying Separation Determination issued on June 30, 2022" was

reversed and that he was eligible for Pennsylvania unemployment benefits. (*Id.* at 6.)  Also

attached is a portion of a May 10, 2022 report titled "Formal Hearing," that includes handwritten

notes. (*Id.* at 7.)  This document indicates that a complaint was reported on March 31, 2022,

against Woods for cutting off several motorists while operating his vehicle, and making a turn

from the center lane, in violation of SEPTA rules and in violation of the law. (*Id.*)  Woods

claims via the handwritten notations on this document that he turned from the center lane

because his life had been threatened. (*Id.*)  Additionally, Woods included an EEOC document

titled "Dismissal and Notice of Rights Enclosed," as well as a right to sue letter dated June 16,

2023. (*Id.* at 8-10.)  As relief, Woods seeks monetary damages and to be re-employed by

SEPTA. (*Id.* at 5.)

## II.      STANDARD OF REVIEW

Because Woods is proceeding *in forma pauperis*, the SAC is subject to screening

pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the SAC if

it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "[T]he

plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies

with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v.*

---

June 16, 2023, that he was not issued a Notice of Right to Sue Letter, and that he was issued a
Notice of Right to Sue Letter, which he received on July 18, 2023. (*Id.* at 4.)

*UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

The Court must construe the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

Additionally, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett*, 938 F.3d at 91. To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

Federal law "proscribe[s] discrimination in employment based on several personal characteristics" specifically, race, color, religion, sex, national origin, and age. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623); *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (claims under the Age Discrimination in Employment Act align with claims under Title VII).  In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

The SAC once again falls short of providing sufficient factual allegations to state a plausible claim of discrimination.  Without more, Woods merely asserts that he was "wrongfully terminated." (*See* SAC at 3.)  Accordingly, the SAC again fails to provide fair notice of the grounds upon which the claims against SEPTA rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Additionally, to the extent he seeks to do so, Woods cannot state a claim by relying solely on exhibits. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.  Judges are not like pigs, hunting for truffles buried in the record.") (citations and quotations omitted); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").  In any event, the handwritten notations on the "Formal Hearing" report do not support an allegation that SEPTA terminated Woods's employment for a discriminatory reason based on his membership in a protected class.

Read as a whole, the SAC does not support a plausible discrimination claim because it fails to present any factual allegations explaining why the termination was motivated by Wood's race, color, religion, sex, or age. *See, e.g., Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Second Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and for failure to comply with the Federal Rules of Civil Procedure.  Since Woods was given two opportunities to amend the defects in his claims and was unable to do so, the Court concludes that further attempts to amend would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").  An appropriate Order follows.

BY THE COURT:

KAI N. SCOTT, J.

8